UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COMPAGNIE DES GRANDS HOTELS D' AFRIQUE S.A., *Plaintiff*, | ) ) ) ) ) ) ) ) ) ) | 3:19-CV-01859 (KAD) |
| v. | | Underlying Litigation: 1:18-CV-00654 (RGA) |
| STARMAN HOTEL HOLDINGS LLC, *Defendant*. | | NOVEMBER 22, 2019 |

## ORDER

Kari A. Dooley, United States District Judge

The Court has reviewed the parties' written submissions, to include the authority cited therein, and has considered the arguments made to the Court at the hearing on November 20, 2019. Assuming, without deciding, that non-party deponent Barry Sternlicht is properly titled an "apex witness," the Plaintiff's motion to compel [ECF No. 1] is GRANTED in part.

"[S]enior executives are not exempt from deposition, and, because principles relating to apex witnesses are in tension with the broad availability of discovery, it is important to excuse a witness from giving testimony only in compelling circumstances." *Chevron Corp. v. Donziger*, 11-cv-00691 (LAK), 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) (citations omitted). It is clear to this Court that Mr. Sternlicht has personal knowledge of both the formation and management of Starman Hotel Holdings, LLC ("Starman"), because he was involved in the transaction by which Starman was formed and thereafter had a significant role in its management. The information sought by the Plaintiff through the deposition of Mr. Sternlicht is directly relevant to the *alter ego* claims being litigated in the underlying Delaware action, *i.e.*, Starman's structural and/or *de facto* control over Woodman Maroc S.a.r.l. Although others might possess some of the same information as Mr. Sternlicht, that fact alone does not provide an adequate basis upon which to preclude Mr. Sternlicht's deposition. Nor is there any basis in the record for this Court to infer

that the Plaintiff seeks through this deposition to harass the Defendant or Mr. Sternlicht as part of a broader litigation strategy. *See Scott v. Chipotle Mexican Grill, Inc. v. Scott*, 306 F.R.D. 120, 122 (2013) ("The court considers the likelihood that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment and the potential disruption of business.").

Yet, Mr. Sternlicht is not a party to the underlying litigation and the Court credits Mr. Sternlicht's affidavit in which he details the significant difficulty that scheduling his deposition may pose in light of his business and travel obligations. The Court is also mindful that the deposition may be disruptive to the companies for whom Mr. Sternlicht conducts business and has tried to render *de minimus* any such disruption with the following ORDERS: Mr. Sternlicht shall identify at least three (3) dates (to include weekend days, if he so chooses) in the next thirty (30) days on which he will be available to be deposed.[1] The Plaintiff shall select one of the dates identified for conducting Mr. Sternlicht's deposition. Mr. Sternlicht shall appear and be deposed on the date selected. The Plaintiff shall tender Rule 45 witness fees on or before the date of the deposition. The deposition shall be limited to two broadly defined areas of inquiry: (1) Mr. Sternlicht's personal knowledge of and involvement in the formation of Starman and the so-called Meridien transaction and (2) Mr. Sternlicht's personal knowledge of and involvement in the management of Starman following its formation in July 2005.

The Plaintiff's request for attorney fees and costs is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of November 2019.

                                             */s/ Kari A. Dooley*
                                             KARI A. DOOLEY
                                             UNITED STATES DISTRICT JUDGE

---

[1] Nothing herein precludes the parties and Mr. Sternlicht from reaching an alternative mutually agreeable date for Mr. Sternlicht's deposition outside of this thirty-day time period.